**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**MELVIN BROWN**                                                                                           **PLAINTIFF**

**v.**                                            **NO. 3:06CV00215-WRW**

**CARL ANDREW SKAGGS,
Officer with the West Memphis
Police Department**, *et al*.                                                                            **DEFENDANTS**

## ORDER

  Pending are Defendants' Motion to Compel (Doc. No. 22), Motion to Dismiss (Doc. No. 27), and Motion to Extend Time (Doc. No. 29).

  Plaintiff filed his *Pro Se* Complaint (Doc. No.1) on November 27, 2006. A Final Scheduling Order (Doc. No 20) was entered on May 14, 2007. The Order was returned undeliverable. (Doc. No. 21). On July 24, 2007, Defendants filed a Motion to Compel and Motion for Extension of Time to Complete Discovery. In the Motion, Defendants explained that they had propounded Interrogatories and Requests for Production, but they had been unable to locate Plaintiff at the address provided to the Clerk of the Court. By Order (Doc. No. 25), the extension was granted and Plaintiff was reminded of his duties to follow the local rules of the Eastern District of Arkansas and directed to notify the Clerk of the Court and opposing counsel of any address changes.

  The Uniform United States District Court Rules for Arkansas, Local Rule 5.5(c)(2), states that "[i]t is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address," and "[i]f any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice." Local rules have the force of law, and parties are charged with

knowledge of them.[1]  Defendants have mailed a Notice of Deposition and copies of the pending motions to Plaintiff certified mail, but everything has been returned undeliverable.  Because Plaintiff has failed to keep the Court apprised of his whereabouts, dismissal without prejudice is warranted.[2]

IT IS SO ORDERED this 22nd day of August, 2007.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[1] *Jetton v. McDonnell Douglas Corp.*, 121 F.3d 423, 426 (8th Cir. 1997).

[2] See *Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).